# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STEVE PITTS,<br> Petitioner, | Case No. 1:19-CV-162 |
| vs. | McFarland, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br> Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Hamilton County, Ohio, convictions. (Doc. 1). This matter is before the Court on petitioner's motion for leave to stay the proceedings (Doc. 10), to which respondent has filed a response in opposition (Doc. 11).

## Background

In February 2019, petitioner commenced the instant federal habeas corpus action (Doc. 1), raising the following grounds for relief:[1]

> **GROUND ONE**: The trial court erred to Petitioner prejudice by failing to consider the purposes and principles of Ohio Revised Code 2929.11 and 2929.12
>
> **Supporting Facts:** After Petitioner successfully appealed his sentence the trial court fail at the re-sentence hearing to give the minimum sentencing allowed by the constitutional right.
>
> **GROUND TWO**: Petitioner maintains that the trial court failed to notify him at re-sentencing of mandatory post-release control resulting in a void sentence.

---

[1]Although the petition was not received by the Clerk of Court until March 1, 2019, petitioner claims under penalty of perjury that he deposited the petition in the prison mail system on February 25, 2019 (Doc. 1, at PageID 16). Under the so-called mailbox rule, he is entitled to have the petition deemed filed on February 25, 2019. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

**Supporting Facts**: The trial court fail to properly inform Petitioner of post-release.

**GROUND THREE**: The trial court erred to Petitioner prejudice during re-sentencing by failing to merge aggravated murder, attempted murder, kidnapping, aggravated burglary as all offenses are allied offenses of similar import which should have resulted in a single conviction rather than four multiple conviction.

**Supporting Facts**: Petitioner was sentence[d] for aggravated murder, attempted murder, kidnapping, aggravated burglary, in violation of ORC 2903.01(A), 2903.01(B), 2905.01(A)(1), 2905.01(B)(2), 2011.11(A)(1), 2911.11(A)(2).

**GROUND FOUR:** Petitioner was denied [e]ffective assistance of appellate counsel following his resentence hearing after his sentence was vacated and remanded, in violation of the 6th and 14th Amendment.

**Supporting Facts**: Trial counsel was ineffective for not informing Petitioner of the motion which resulting into Petitioner plea guilty to all charges. Appellate counsel was ineffective for failing to raise this on appeal.

(Doc. 1).

Petitioner asserts that he is seeking a stay to "properly exhaust his state claim." (Doc. 10, at PageID 188). Petitioner explains "The state has responded to Petitioner's claims and has stated that the petition should be dismissed for failure to present his claims fairly to the Ohio courts, and should be procedurally defaulted. Court appointed counsel is the sole reason why Petitioner's claims was not properly presented to the state courts, and Petitioner should be given the opportunity to present his claims in the state courts." (Doc. 10, at PageID 189).

## Legal Standard

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims

is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for a writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275

3

(2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

4

> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

## **Analysis**

Petitioner does not expressly state in his motion to stay the claims he seeks to exhaust in the state courts. However, the undersigned understands petitioner's motion to be filed in response to respondent's assertions in the return of writ that Grounds Three and Four of the habeas corpus petition are procedurally defaulted. (*See* Doc. 10; Doc. 7, at PageID 167-178).

In Ground Three of the petition, petitioner raises an allied-offenses claim. To the extent that petitioner seeks a stay to exhaust claims of ineffective assistance of trial or appellate counsel to overcome the alleged procedural default of Ground Three, no such claims are presented in the habeas corpus petition. Although petitioner claims in Ground Four of his habeas petition that appellate counsel was ineffective for not raising a different claim on appeal, petitioner does not

raise an ineffective-assistance-of-counsel claim with respect to his allied-offenses claim.

Federal courts are not required to dismiss or stay a habeas corpus petition when the petitioner seeks to raise new, unexhausted claims. *See Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984); *see also Bullock v. Jackson*, No. 1:07-cv-392, 2008 WL 906096, at *3 (S.D. Ohio Mar. 31, 2008) (denying motion to stay pending exhaustion of claim of ineffective assistance of appellate counsel that was not presented in habeas corpus petition).

In Ground Four of the petition, petitioner asserts, without factual elaboration, that appellate counsel performed ineffectively by "not informing Petitioner of the motion which resulting into Petitioner plea guilty to all charges." (Doc. 1, at PageID 11). Respondent asserts, and petitioner does not dispute, that Ground Four has not been presented to the state courts. (*See* Doc. 7, at PageID 176).[2]

As set forth above, the Supreme Court has held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. Petitioner has not offered any justification for not having raised Ground Four in the state courts before filing his habeas petition in this Court. *See Fautenberry v. Mitchell*, 515 F.3d 614, 639 (6th Cir. 2008) ("Under Ohio law, a criminal

---

[2]The undersigned notes that respondent also contends that petitioner's failure to present Ground Four to the Ohio courts has resulted in the procedural default of Ground Four. (Doc. 7, at PageID 176-77). Petitioner has not responded to this argument.

6

defendant must raise his ineffective assistance of appellate counsel claim in an application for reopening (i.e., a motion for delayed reconsideration) filed 'in the court of appeals where the alleged error took place.'") (citation omitted); *see also Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (explaining that "a Rule 26(B) application to reopen is a collateral matter rather than part of direct review," and "[a]s such, there is no federal constitutional right to assistance of counsel at that stage") (en banc) (footnote omitted). Because petitioner has failed to establish "good cause" for his failure to exhaust the ineffective-assistance-of-appellate-counsel claim raised in Ground Four, he is not entitled to a stay. *Rhines*, 544 U.S. at 277-78.[3]

Because petitioner has failed to meet his burden of showing that he is entitled to a stay of this habeas corpus proceeding while he exhausts his state-court remedies, the Court should deny petitioner's motion to stay the petition.

It is, therefore, **RECOMMENDED** that petitioner's motion to stay the instant case (Doc. 10) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]Similarly, even if the *Rhines* stay and abeyance procedure applied to Ground Three of the petition, the Court cannot infer from petitioner's conclusory motion to stay (Doc. 10) that petitioner had good cause for not previously exhausting any claims of ineffective assistance of counsel related to Ground Three.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVE PITTS,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-CV-162

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).