# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

STEVE PITTS,

        Petitioner,      :     Case No. 1:19-cv-162

  - vs -                         District Judge Matthew W. McFarland
                                 Magistrate Judge Michael R. Merz

WARDEN, London Correctional
 Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Steve Pitts under 28 U.S.C. § 2254, is before the Court for decision on the merits on the Petitioner (ECF No. 1), the State Court Record (ECF No. 6) and the Warden's Return of Writ (ECF No. 7).

When she initially ordered the Warden to answer, Magistrate Judge Bowman provided that the deadline for Petitioner's reply would be twenty-one days after the Return was filed (Order, ECF No. 4, PageID 21). Because the Return was filed May 10, 2019, the reply was due May 31, 2019. Seventeen days after that deadline expired, Pitts asked for and was granted an extension of thirty days (ECF No. 8). After the extension expired, Pitts again asked for and received an extension, this time until August 1, 2019 (ECF No. 9). However, Pitts has never filed a reply.

1

**Litigation History**

On July 15, 2005, the Hamilton County Grand Jury indicted Pitts on two counts of Aggravated Murder in violation of Ohio Revised Code § 2903.01(A) and (B)) (Counts 1 and 2); one count of Murder in violation of Ohio Revised Code § 2903.02(B) (Count 3); one count of Attempted Murder in violation of Ohio Revised Code § 2903.02(A) (Count 4); two counts of Aggravated Burglary in violation of Ohio Revised Code §  2911.11 (A)(1) and (A)(2) (Counts 5 and 6); and two counts of Kidnapping in violation of Ohio Revised Code § 2905.01(A)(1) and (B)(2)) (Counts 7 and 8 ). (Indictment, State Court Record, ECF No. 6, Exhibit ).

On October 3, 2005, Pitts, pursuant to a plea agreement, pleaded guilty to one count of Aggravated Murder, one count of Attempted Murder, one count of Aggravated Burglary, and one count of Kidnapping (ECF No. 6, Exhibit 3, Guilty Plea, PageID# 33). The State dismissed Counts 2, 3, 6 and 8. *Id.* at Exhibit 4.  Pitts entered his guilty plea with an agreed sentence of twenty years to life for aggravated murder; ten years for attempted Murder; ten years for aggravated burglary; and ten years for kidnapping. All sentences were ordered to be served concurrently, for an aggregate prison sentence of twenty years to life. (ECF No. 6, Exhibit 5, Entry, PageID# 37).

On August 31, 2015, Pitts moved *pro se* for a re-sentencing related to imposition of post-release control (State Court Record, ECF No. 6, Exhibit 6).  In response the trial judge entered a new judgment imposing the same sentence as at first but with the required post-release control language. *Id.* at Exhibit 7.  With the assistance of counsel, Pitts appealed but the Fist District affirmed. *State v. Pitts*, 2017-Ohio-7467 (Ohio App. lst Dist. Sept. 6, 2017), appellate jurisdiction declined, 2018-Ohio-723.

Pitts then filed his Petition in this Court, pleading the following grounds for relief:

2

>**GROUND ONE:** The trial court erred to Petitioner, prejudice by failing to consider the purposes and principles of Ohio Revised Code 2929.11 and 2929.12.
>
>**Supporting Facts:** After Petitioner successfully appealed his sentence the trial court fail [*sic*] at the re-sentence hearing to give the minimum sentencing allowed by the constitution right.
>
>**GROUND TWO:** Petitioner maintains that the trial court failed to notify him at re-sentencing of mandatory post-release control resulting in a void sentence.
>
>**Supporting Facts:** The trail [*sic*] court fail to properly inform Petitioner of post-release.
>
>**GROUND THREE:** The trial court erred to Petitioner during re-sentencing by failing to merge aggravated murder, attempted murder, kidnapping, aggravated burglary as all offense are allied offences of similar import which should have resulted in a single conviction rather than four multiple conviction.
>
>**Supporting Facts:** Petitioner was sentence for aggravated murder, attempted murder, kidnapping, aggravated burglary, in violation of ORC 2903.01(A), 2903.01(B), 2905.01(A)(1), 2905.01(B)(2), 2911.11(A)(1), 2911.11(A)(2).
>
>**GROUND FOUR:** Petitioner was denied effective assistance of appellate counsel following his resentence hearing after his sentence was vacated and remanded, in violation of the 6th and 14th Amendment.
>
>**Supporting Facts:** Trial counsel was ineffective for not informing Petitioner of the motion which resulting in Petitioner plea guilty to all charges. Appellate counsel was ineffective for failing to raise this on the appeal.

(Petition, ECF No. 1, PageID 7 – 11).

# Analysis

### Ground One: Improper Re-Sentencing

In his First Ground for Relief, Pitts argues the trial court did not consider the required

3

principles of sentencing as established in the Ohio Revised Code when it re-sentenced him and also that it did not impose the minimum sentence "allowed by the constitution right."

When he raised this claim on direct appeal, the First District held that the Common Pleas Court had no jurisdiction to re-sentence him at all, except with respect to post-release control. *Pitts*, *supra*, at ¶¶ 7-8. Because, as a matter of Ohio law, the trial court had no jurisdiction to re-sentence at all (except for post-release control), it had no authority to reconsider the purposes of sentencing and impose a different sentence. This is a question of Ohio law on which there is no contrary federal authority. There certainly is no federal constitutional right to re-sentencing at all, much less to re-sentencing at the minimum possible sentence.

Pitts' First Ground for Relief is without merit.

**Ground Two: Failure to Advise of Post-Release Control**

In his Second Ground for Relief, Pitts claims that the trial court again failed to properly advise him of post-release control at re-sentencing. As the First District points out, Pitts abandoned this claim on appeal:

> [*P6] In his second assignment of error, Pitts argues that the sentencing court did not properly notify him of postrelease control at the resentencing hearing. However, Pitts does not specifically point out in the record this alleged error and concedes that the notification was proper. Consequently, we overrule this assignment of error.

*State v. Pitts, supra*. A claim abandoned on direct appeal cannot be resurrected in habeas corpus. To allow that practice would completely undermine the requirement that claims be first exhausted in the state courts. Moreover, there is no federal constitutional requirement of oral pronouncement of a term of post-release control.

**Ground Three: Failure to Merge Offenses**

In his Third Ground for Relief, Pitts argues the trial court should have merged all his convictions as allied offenses under Ohio Revised Code § 2941.25.

> [*P10] In his third assignment of error, Pitts asserts that the trial court erred by failing to merge allied offenses of similar import. He further claims that his original sentences were void because the court failed to merge the allied offenses.
>
> [*P11] The failure to merge allied offenses does not render a judgment void, but voidable. See *State v. Wurzelbacher,* 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 9, citing *State v. Grant,* 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421; *State v. Lee,* 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8. Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal. See *Grant* at ¶ 16-18; *State v. Reid,* 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 9.
>
> [*P12] Pitts argues that the Ohio Supreme Court has recently determined that the failure to merge allied offenses renders the sentence void in *State v. Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234. However, in Williams, the Ohio Supreme Court made it clear that "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error [regarding the failure to merge] must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id.* at ¶ 26, citing *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9; *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. The sentence is void only when the trial court concludes that an offender is guilty of allied offenses and then imposes separate sentences. Id.
>
> [*P13] Here, the trial court did not initially find that the offenses were allied and then impose a separate sentence for each offense. Therefore, Pitts was required to raise the allied-offenses issue on direct appeal, and he did not. Consequently, the allied-offenses argument is barred by res judicata, and therefore, we overrule the third assignment of error.

*State v. Pitts, supra.*

Pitts allied offenses claim, even if interpreted as a double jeopardy claim under the federal Constitution, is barred by Pitts' procedural default in failing to present it in timely fashion to the state courts, first in the trial court and then on appeal from the original judgment.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Pitts' Third Ground is barred by procedural default.

**Ground Four: Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Pitts argues his appellate counsel provided ineffective assistance of appellate counsel by not raising as an assignment of error that his trial counsel provided ineffective assistance of trial counsel "for not informing him of the motion which resulting in his plea of guilty to all charges."

Respondent notes in the Return of Writ that it is unclear what motion Pitts is referred in to (Return, ECF No. 7, PageID 176). Pitts never cleared up that confusion in a reply because he never filed one. The Magistrate Judge also has no idea what motion Pitts is referring to.

However, it is clear this claim is procedurally defaulted because it has never been presented to the Ohio courts. Ohio has a mechanism for litigating claims of ineffective assistance of appellate counsel – by filing a motion to reopen the direct appeal under Ohio R. App. 26(B). Pitts has never

filed such a motion and the time for doing so is now long since expired. Ground Four is therefore procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 19, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.